**In re NEWPORT ASSEMBLY RESTAURANT, INC., Debtor.**

**NEWPORT ASSEMBLY RESTAURANT, INC., Plaintiff,**

v.

**Francis C. EDWARDS, Director of Public Safety, City of Newport, Rhode Island, Robert J. McKenna, Mayor, David F. Roderick, Jr., Paul M. Eckhart, Keith E. Stokes, B. Mitchell Simpson, III, Henry F. Winthrop and Jeanne–Marie Napolitano, Members of the Board of License Commissioners, City of Newport, Rhode Island, Defendants.**

**Bankruptcy No. 92–11067. Adv. No. 92–1096.**

United States Bankruptcy Court, D. Rhode Island.

June 12, 1992.

David A. Schechter, Providence, R.I., for debtor, plaintiff.

Joseph J. Nicholson, Jr., Newport, R.I., City Sol., City of Newport, R.I., for defendants.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Complaint of the Debtor, Newport Assembly Restaurant, Inc., for Preliminary Injunction enjoining the Board of License Commissioners for the City of Newport (the "Board") from suspending the Debtor's liquor license.[1] The Defendants, members of the Board, object to the relief sought and in support thereof rely upon the Board's complaint issued against the Debtor prior to its bankruptcy filing,[2] including by reference the February 25, 1992 memorandum detailing the liquor license offenses of the Debtor, and the order issued on April 9, 1992 suspending the Debtor's liquor license for a seven month period.

■ Based upon the Court's review of the pleadings and supporting documents, we find that the Board's suspension of the Debtor's liquor license was clearly issued pursuant to its statutory authority to regulate the use and sale of intoxicating liquor in the City of Newport. Accordingly, we rule that the suspension order is exempt from the application of the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

■ Moreover, we decline to exercise our § 105 powers to enjoin the Board from enforcing its suspension order against the Debtor in the present circumstances. Specifically, we conclude that the Debtor has established neither a likelihood of success on the merits (i.e. that the seven month suspension would unduly interfere with its ability to successfully reorganize), nor that the injunction would be in the public interest.

To the contrary, this Court would indeed be acting irresponsibly and in direct contravention of federal law if it permitted a Debtor to "reorganize its affairs" by refusing to comply with statutory liquor license regulations designed to promote and protect the public welfare of the citizens of this State. *See* 28 U.S.C. § 959(b)[3] and *Wilner Wood Prod. v. State of Maine,*

---

1. The Debtor filed both an adversary complaint requesting a preliminary injunction and a Motion for Preliminary Injunction in its adversary proceeding. Pursuant to FED.R.BANKR.P. 7065, a request for preliminary injunction can only be made by the initiation of an adversary proceeding. Accordingly, for purposes of this decision, the Court is ruling on the Debtor's adversary complaint and will deny, as procedurally defective, its additional motion for preliminary injunction. However, in considering the merits of the Debtor's complaint, the Court will treat its Memorandum of Law in Support of Motion for Preliminary Injunction as supporting its complaint for relief, as well as the Defendants' opposing memorandum.

2. In their memoranda to the Court, neither party identifies the precise date that the Board filed its complaint against the Debtor for violation of the Rhode Island General Laws liquor license provisions. However, we must presume that it was filed prior to the April 8, 1992 filing date since the hearing thereon was held on April 8, 1992 (with no representative of the Debtor appearing), and the Order suspending the license was issued the following day.

3. 28 U.S.C. § 959(b) provides that:
    ... a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

*D.E.P.*, 128 B.R. 1 (D.Me.1991).[4] We do not consider such a reorganization to be a "successful" one, nor one that comports with the public interest element.

Accordingly, for all of these reasons, the Complaint of the Debtor for Preliminary Injunction is DENIED, and the suspension order of the Board remains in effect.

---

**4.** The Debtor relies upon the predecessor opinion in *Wilner Wood Products* in support of its request for a preliminary injunction, which, ironically, was issued by this Court, sitting by designation in the District of Maine. On appeal however, the decision of this Court granting what it believed was only a limited injunction pending appeal, was soundly reversed by the District Court, with the admonition that "[t]hat statute [§ 105] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *Id.* at 128 B.R. 3.